David Wayne GILLIAM, Appellant

v.

The STATE of Texas, Appellee.

No. 09 84 055 CR.

Court of Appeals of Texas, Beaumont.

April 24, 1985.

James A. Clark, Woodville, for appellant.

Patrick O. Hardy, Asst. Dist. Atty., Kountze, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a murder conviction. After a plea of not guilty, a jury found appellant guilty and assessed his punishment at 99 years in the Texas Department of Corrections. The appellant, in an excellent brief, presents three grounds of error to this court.

> Ground of error number one: "The Trial Court erred in finding that the extra-judicial statement given by the Defendant was voluntarily and freely given, after proper warnings as required by law, after waiver of rights, knowingly and with understanding, without coercion, threats and enticements."

> Ground of error number two: "The Trial Court erred in finding and concluding that Defendant was not refused nor denied counsel; understood he could have counsel, but did not request counsel and that he knowingly, voluntarily and with understanding of his rights, waived his rights to counsel."

> Ground of error number three: "The Trial Court erred in admitting into evidence, over Defendant's timely objection, the extra-judicial statement of Defendant."

Since all grounds of error deal with the admission of the confession the discussion will be combined.

Nelva Bates Salmon was found murdered in her apartment on March 29, 1978. The appellant became a suspect and an arrest warrant was issued for the appellant. The state concedes the warrant was invalid. Based upon the warrant, officers from Tyler County traveled to Beauregard Parish, LA., and, along with Louisiana officers, arrested the appellant at around 11:00 a.m. on March 30, 1978. There was testimony that the appellant received his *Miranda* warnings on two or three occasions while in Louisiana. The appellant waived extradition and returned to Tyler County with a Texas Ranger and a deputy Sheriff. He was then taken before the city judge of Woodville and given the statutory magistrate warnings. They arrived back in Woodville about 4:00 p.m.. The appellant then gave an oral statement to an investigator for the district attorney's office, which was tape recorded. At approximately 10:30 p.m., the tape recorded statement was reduced to writing and signed by the appellant.

There was an extensive pre-trial hearing on the question of the voluntariness of the statement, vis-a-vis coercion and threats, and on the question of the waiver of right to counsel. The trial judge then filed detailed findings of fact and conclusions of law regarding the admissibility of the written statement. The findings and conclusions were adverse to the appellant on both issues. The trial judge is the sole trier of the fact at a hearing upon a motion to suppress and an appeals court is not at liberty to disturb any finding which is supported by the record. *Green v. State,* 615 S.W.2d 700 (Tex.Crim.App.1980). Although there are allegations by appellant as to coercion and threats, these were contradicted by the peace officers and the trier of fact is entitled to place as much weight on whatever is the more credible testimony.

The issue of waiver of counsel was brought forth by the appellant through his

testimony that he asked a Texas Ranger to see an attorney. This was refuted by another Texas Ranger and once again, the trier of fact resolved the issue against appellant.

The question remains whether or not the confession, although voluntary, is inadmissible as the "fruit" of an illegal arrest. The leading Federal cases on this issue are *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); and *Taylor v. Alabama,* 457 U.S. 687, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982). These cases set out the general rule that a confession which flows from an illegal arrest becomes inadmissible evidence unless it has met four factors rendering the confession admissible. Those four factors are:

(1) whether *Miranda* warnings were given;

(2) the temporal proximity of the arrest and confession;

(3) the presence of intervening circumstances; and

(4) the purpose and flagrancy of the official misconduct. *Id.*

The Texas Court of Criminal Appeals has interpreted these cases numerous times and has looked to the question of whether or not the officers had probable cause to make the arrest even though the arrest warrant was invalid in order to distinguish these cases from *Brown, supra, Dunaway, supra,* and *Taylor, supra.* See *Coleman v. State,* 643 S.W.2d 947 (Tex.Crim.App. 1982).

■ Looking to the instant case, it is uncontradicted there were at least six separate occasions on which appellant was given the *Miranda* warnings. The arrest occurred in Louisiana at approximately 11:30 a.m. and the written statement was signed at approximately 10:30 p.m., some eleven hours apart. The intervening circumstances were obviously the trip from the arrest site to the courthouse in Beauregard Parish, Louisiana, the waiver of extradition, the trip from Louisiana to Woodville, Tex-

as, the appearing before the magistrate, the giving of the oral tape recorded statement and the subsequent trip to Kountze, Texas where the written statement was signed. The first three factors have adequately been met. Looking to the fourth factor, the officers were at all times acting in good faith. They had gotten a warrant, followed the proper procedure in arresting the appellant in another state and returning him to Texas, taken him before a magistrate, and *tape recorded* the oral statement before reducing it to writing. These are not the acts of peace officers engaged in purposeful and flagrant official misconduct. We, therefore, conclude the confession was not obtained as a result of his unlawful detention. *See and compare Gregg v. State,* 667 S.W.2d 125 (Tex.Crim. App.1984).

All of appellant's grounds of error are overruled. The judgment of the trial court is affirmed.